IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT MILLER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 18-857-CFC |
| | : | |
| KOLAWOLE AKINBAYO, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

_____

Robert Miller. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

_____

**MEMORANDUM OPINION**[1]

August 23, 2021
Wilmington, Delaware

_____

[1]This case was originally assigned to the Honorable Gregory M. Sleet, and was re-assigned to the undersigned's docket on September 20, 2018.

CONNOLLY, CHIEF JUDGE:

Pending before the Court is Petitioner Robert Miller's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition").  (D.I. 3)  The State filed an Answer in opposition.  (D.I. 14)  For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

I.     **BACKGROUND**

On June 9, 2015, Petitioner pled guilty to second degree assault.  (D.I. 14 at 1; D.I. 15-1 at 2, Entry No. 13)  The charge stemmed from Petitioner's assault of a woman with whom he had been in a ten-year long relationship.  (D.I. 14 at 3)  On November 13, 2005, the Superior Court sentenced Petitioner to eight years of Level V incarceration, followed by six months of Level IV supervision.  (D.I. 14 at 1; D.I. 15-4 at 34-38)  Petitioner appealed, and defense counsel filed a non-merit brief in the Delaware Supreme Court along with a motion to withdraw representation pursuant to Delaware Supreme Court Rule 26(c).  (D.I. 15-3)  On May 18, 2016, the Delaware Supreme Court affirmed the Superior Court's judgment and held that defense counsel's motion to withdraw was moot.  *See Miller v. State*, 140 A.3d 430 (Table), 2016 WL 3410306 (Del. May 18, 2016).

On December 14, 2015, while his direct appeal was pending, Petitioner filed a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion").  (D.I. 15-1 at 3, Entry No. 16)  The Superior Court denied the Rule 61 motion on October 18, 2016.  *See Miller v. State*, 2016 WL 6094170, at *3 (Del. Super. Ct. Oct. 18, 2016).  Petitioner filed a notice of appeal regarding that decision on

December 9, 2016, but the Delaware Supreme Court dismissed the appeal as untimely on February 9, 2017. *See Miller v. State*, 156 A.3d 697 (Table), 2017 WL 568362, at *1 (Del. Feb. 9, 2017).

On September 25, 2017, Petitioner filed a second Rule 61 motion, which the Superior Court summarily dismissed as second or successive under Rule 61(d)(2) on September 27, 2017. *See State v. Miller*, 2017 WL 4381381, at *1-2 (Del. Super. Ct. Sept. 27, 2017). Petitioner did not appeal that decision.

On November 22, 2017, Petitioner filed in the Superior Court a petition for writ of habeas corpus. (D.I. 15-1 at 5, Entry No. 35) The Superior Court denied the petition on November 27, 2017, and the Delaware Supreme Court affirmed that judgment on May 21, 2018. (D.I. 15-1 at 5, Entry No. 37); *see Miller v. Akinbayo*, 187 A.3d 552 (Table), 2018 WL 2306059, at *1 (Del. May 21, 2018).

In June 2018, Petitioner filed the instant Petition asserting the following seven grounds for relief: (1) defense counsel provided ineffective assistance by failing to obtain the victim's medical records which would have shown that the victim's injuries were pre-existing; (2) defense counsel provided ineffective assistance by failing to return Petitioner's voicemail messages; (3) defense counsel provided ineffective assistance by only discussing with Petitioner that he should take a plea; (4) defense counsel provided ineffective assistance by failing to respond to Petitioner's requests about an appeal; (5) defense counsel provided ineffective assistance by failing to properly investigate Petitioner's background and by failing to properly advocate for Petitioner at sentencing; (6) defense counsel provided ineffective assistance by failing

2

to advise Petitioner that he could be sentenced under 11 Del. C. § 4204(k); and (7) the

Superior Court erroneously denied his habeas petition.  (D.I. 3 at 5, 7, 8, 10; D.I. 5 at 5,

11-14)

## II.    ONE-YEAR STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) "to reduce delays in the execution of state and federal criminal sentences . . .

and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*,

538 U.S. 202, 206 (2003).  AEDPA prescribes a one-year period of limitations for the

filing of habeas petitions by state prisoners that begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  AEDPA's limitations period is subject to statutory and equitable

tolling.  *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. §

2244(d)(2) (statutory tolling).

3

Petitioner does not assert, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D).[2]  Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review.  *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d

---

[2]Claim one asserts that defense counsel would have learned that the victim's injuries were old (and presumably not caused by Petitioner on the date of the charged assault) had counsel obtained the victim's medical records.  (D.I. 3 at 5; D.I. 5 at 12-14) In his second Rule 61 motion filed on September 25, 2017, Petitioner contended that he had newly discovered evidence that the victim's injuries dated back to 2009-2010, years before the assault to which Petitioner pled.  *See Miller*, 2017 WL 4381381, at *1. Perhaps because Claim One resembles the newly discovered evidence argument raised in Petitioner's second Rule 61 motion filed on September 25, 2017, the State construes Claim One's reference to the victim's "old injuries" as a potential attempt to trigger an unidentified later starting date for the limitations period under § 2244(d)(1)(D). Although the Court is not persuaded that the assertions in Claim One constitute an implicit attempt to establish a new factual predicate in order to trigger a later starting date for the limitations period under § 2244(d)(1)(D), if Claim One should be construed as such, then the Court concludes that the argument is unavailing.  Significantly, in his second Rule 61 proceeding, the Superior Court dismissed as false Petitioner's contention that the victim's injuries were preexisting, and Petitioner has not provided any clear and convincing evidence rebutting that factual determination. *See Miller*, 2016 WL 6094170, at *2. Moreover, since Petitioner raised the same contention that the victim's injuries were old in his first Rule 61 motion in the context of an ineffective assistance of counsel claim, the "new later starting date" would actually be the date on which Petitioner filed his first Rule 61 motion – December 10, 2015 – rather than the date on which he filed his second Rule 61 motion – September 25, 2017.  As the Court explains more thoroughly in its discussion for statutory tolling later in this Opinion, since Petitioner filed his first Rule 61 motion during the pendency of his direct appeal, AEDPA's limitations period did not actually begin to run until November 18, 2016.  *See infra* at Section II.A.  In other words, Petitioner benefits from a starting date via statutory tolling that is later than the starting he could possibly obtain through the use of § 2244(d)(1)(D).

Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the

Delaware Supreme Court affirmed Petitioner's conviction on May 18, 2016, and he did

not seek review by the United States Supreme Court. As a result, his judgment of

conviction became final on August 16, 2016. Applying the one-year limitations period to

that date, Petitioner had until August 16, 2017 to timely file a habeas petition. *See*

*Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to

AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del.

Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the

anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it

began to run). Petitioner, however, did not file the instant Petition until June 5, 2018,[3]

approximately ten months after that deadline. Thus, the Petition is time-barred and

should be dismissed, unless the limitations period can be statutorily or equitably tolled.

*See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls

AEDPA's limitations period during the time the motion is pending in the state courts,

including any post-conviction appeals, provided that the motion was filed and pending

before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d

417, 420-24 (3d Cir. 2000). A post-conviction motion is "'properly filed' for statutory

tolling purposes when its delivery and acceptance is in compliance with the state's

---

[3]Pursuant to the prison mailbox rule, the Court adopts the date in the Petition's
certificate of mailing (June 5, 2018) as the date of filing. *See Longenette v. Krusing*,
322 F.3d 758, 761 (3d Cir. 2003).

applicable laws and rules governing filings, such as the form of the document, any time

limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v.*

*Phelps*, 572 F. Sup. 2d 480, 483 (D. Del. 2008).  The limitations period is also tolled for

the time during which an appeal from a post-conviction decision could be filed even if

the appeal is not eventually filed.  *See Swartz*, 204 F.3d at 424.  The limitations period,

however, is not tolled during the ninety days a petitioner has to file a petition for a writ of

certiorari in the United States Supreme Court regarding a judgment denying a state

post-conviction motion.  *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d

Cir. 2001).

Here, even though Petitioner filed his Rule 61 motion while his direct appeal was

still pending, the Superior Court adjudicated the Rule 61 motion on the merits.  Since

the Superior Court treated the Rule 61 motion as properly filed, the Rule 61 motion

tolled the limitations period and essentially delayed the starting date of AEDPA's

limitations period.  The Superior Court denied the Rule 61 motion on October 18, 2016

and, although Petitioner filed a notice of appeal from that the decision, the Delaware

Supreme Court dismissed the appeal as untimely.  Consequently, the Rule 61 motion

only tolled the limitations period through November 17, 2016, the day on which the

thirty-day appeal period expired.

Based on the foregoing analysis, AEDPA's limitations period started to run on

November 18, 2016 and ran for 311 days until Petitioner filed a second Rule 61 motion

on September 25, 2017.  The second Rule 61 motion, however, has no statutory tolling

effect, because the Superior Court dismissed that motion as untimely and second or

successive.  Consequently, the limitations clock continued to run the remaining fifty-four days without interruption until the limitations period expired on November 20, 2017.[4]

Petitioner's state habeas petition, filed on November 22, 2017, has no statutory tolling effect because it was filed after the expiration of the limitations period.  Thus, the Petition is time-barred, unless equitable tolling applies.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50.  With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52.  Additionally, the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).  As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011).  Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary

---

[4]The limitations period actually ended on Saturday, November 18, 2017.  Therefore, Petitioner had until the end of Monday, November 20, 2017 to timely file a § 2254 petition. *See* Fed. R. Civ. P. (6)(a)(1),(3).

7

circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court cannot discern, that any extraordinary circumstance prevented him from timely filing the instant Petition. To the extent Petitioner's late filing in this Court was due to a lack of legal knowledge or miscalculation of AEDPA's one-year filing period, such circumstances do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Thus, the Court concludes that equitable tolling is not available on the facts presented by Petitioner.

Accordingly, the Court will dismiss the instant Petitioner as time-barred.[5]

## III.   CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability may be issued only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that Petitioner's habeas Petition must be dismissed as time-barred. Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims to be debatable or wrong.

---

[5]Having determined that the Petition is time-barred, the Court will not address the State's alternate reasons for dismissing the Petition.

Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the instant Petition as time-barred.  An appropriate Order will be entered.